UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 24-cr-214 (JDB) |
| | : | |
| **ROBERT CIOTTONI,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO CONTINUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Robert Ciottoni's Motion to Continue Trial Date. ECF 21. The defendant was arrested on March 8, 2024, and was charged with four misdemeanors in connection with his conduct at the Capitol. *See* ECFs 1 & 5. On September 10, 2024, the Court scheduled a trial in this case to commence on January 20, 2025. On November 18, 2024, the trial was continued to January 22, 2025, in light of Martin Luther King Day, the Presidential Inauguration, and Defendant's preference to start the 22nd. On November 27, 2024, the defendant moved to continue his trial based on a potential grant of clemency, "resorting public faith", and judicial precedent. *See* ECF 21 at 3-4. In support of his motion, the defendant points this Court to adjustments to the trial dates in *United States v. Pope*, 21-cr-128 (RC), *United States v. Lang*, 21-cr-53 (CJN) and *United States v. Hunt et al.*, 24-cr-154 (CJN). As described herein, that reliance is misplaced, and the courts' reasoning in those cases is inapposite to the issues presented here. Here, there has been no material change to the facts or law at issue in this case. The Court should deny the defendant's motion to continue and proceed with the trial in this case as scheduled.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. Indeed, multiple courts in this district have denied motions to continue based on defendants' expectation and hope for a future pardon. *See, e.g.*, *United States v. David Davis* 23-cr-281 (CJN), Minute Order, November 27, 2024 (denying a motion to continue-which referenced *Pope* and *Lang*-a misdemeanor bench trial based on potential clemency); *United States v. Nathan Hughes*, 23-cr-237 (CJN), Minute Order, November 14, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Cody Connell et al.*, 21-cr-84 (PLF), Mem. Op., November 14, 2024 (Denying a motion to continue sentencing because "[w]hatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities[.]"); *United States v. Whitney Johnson*, 24-cr-141 (JDB), Minute Order, November 13, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Stephen Baker*, 24-cr-121 (CRC), Minute Order, November 11, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Jaimee Avery*, 24-cr-79 (CRC), Minute Order, November 6, 2024 (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Nicholas Fuller*, 23-cr-209 (CKK), Minute Order, November 6, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, 23-cr-139 (BAH), Minute Order, November 6, 2024 (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, 23-cr-341 (RBW), Minute Order, November 7, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency).

The defendant's citation to the cases of *United States v. Pope*, 21-cr-128 (RC), *United States v. Lang*, 21-cr-53 (CJN) and *United States v. Hunt et al.*, 24-cr-154 (CJN), are inapposite. The *Pope* case, which involves a *pro se* defendant, was scheduled to commence shortly before the winter holidays and was anticipated to last for a number of weeks. The *Pope* case also involved numerous pretrial motions that required resolution before the case could proceed. The three co-defendant *Hunt* case involved a decision to set the trial date for the first time—not a continuance. Indeed, Judge Nichols specifically noted that the trial date was selected because it was the first available date on the court's calendar. In *Lang*, a felony case involving numerous assaults, there were likewise other factors that influenced the court's decision, which were set forth in the defendant's motion to continue. *United States v. Lang*, 21-cr-53(CJN) ECF 160 at 3-4 (Asserting that defense counsel was "currently recovering from surgery and has expressed ongoing concerns about stamina and the ability to adequately prepare for trial in the near term."). Of note, during Lang's hearing, Judge Nichols took time to clarify the misconceptions surrounding motions citing the *Hunt* case, reiterating that there was no continuance, and that the selected date was based on his calendar availability, not a potential pardon.

This case, which has been scheduled for a January 2025 trial since September 2024, involves a single defendant who is represented by counsel and is charged with misdemeanors. In September 2024, the government asserted that a trial in this matter would take approximately three days. That remains the case. This case does not, therefore, share the same concerns of judicial economy that Judges Contreras and Nichols[1] were faced with in, respectively, *Pope, Lang* and

---

[1] Judge Nichols informed the parties in *Hunt* that even setting aside judicial economy considerations, the earliest trial date he had available in his calendar was April 2025.

*Hunt*. Similarly, the defendant's accusations about a lack of public trust in the judiciary are baseless and without merit.

For the foregoing reasons, the Court should deny the defendant's motion to continue and proceed with the January 22, 2025, trial in this case.

<div style="margin-left: 40%">

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   *s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D Street, NW
Washington, DC 20001
(202)252-7012
Rebekah.lederer@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

</div>